UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-329-JBC

PAMULA S. DURBIN,                                                      PLAINTIFF,

V.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                         DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits (R. 13, 14). The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion and deny the defendant's motion and will remand the case for further proceedings.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II.  The ALJ's Determination**

The plaintiff is a forty-six-year-old female with an eighth-grade education. She has past relevant work as an assembly-line inspector. AR 67. She alleges disability beginning on August 1, 2003, as a result of degenerative disc disease of the lumbar and cervical spine with associated chronic pain, mild mental retardation,

depression, and anxiety. AR 66. The plaintiff filed an application for Disability Insurance Benefits ("DIB") on December 15, 2004, which was denied initially and on reconsideration. AR 62. After a hearing held on January 26, 2006, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 14-25. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's borderline intellectual functioning; attention deficit hyperactivity disorder; major depression; a personality disorder, not otherwise specified; polysubstance abuse, allegedly in remission; chronic neck and low back pain secondary to degenerative disc disease; bilateral carpal tunnel syndrome; and hypothyroidism are severe impairments. AR 19. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ found that the plaintiff was unable to perform her past relevant work. The ALJ concluded at Step 5, however, that the plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work and that such work exists in significant numbers in the national economy. AR 20-24. On August 9, 2007, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 7-10, and the plaintiff then commenced this action.

### III. Legal Analysis

The plaintiff challenges the ALJ's finding that the claimant's impairments did

not meet a listing in the Listing of Impairments and argues that the ALJ misapplied the law. The plaintiff specifically argues that her mental impairments met or equaled listing section 12.05(C) – mental retardation – and that she was disabled as a matter of law.

If a claimant has an impairment which meets the duration requirement and is listed in the Listing of Impairments then the Commissioner must find her disabled without considering her age, education, or work experience. 20 C.F.R. § 404.1520(d). The claimant bears the burden of proving that she is disabled, and she must demonstrate that her impairment satisfies all of the criteria for the listed impairment, including any relevant criteria in the introduction. 20 C.F.R. § 404.1512(a), 1525(c)(3); *Foster v. Halter*, 279 F.3d 348, 353-54 (6th Cir. 2001). Section 12.05C of the Listed Impairments states:[1]

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports o
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and

---

[1] "Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A).

significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

To satisfy the requirements of listing 12.05(C), the claimant must show that she has a valid IQ score within the required range. Dr. I.T. Baldwin completed a psychological consultative examination on August 24, 2004, and concluded that the claimant had a verbal IQ of 68, a performance IQ of 79 and a full-scale IQ of 71. AR 124-140.

The ALJ summarily dismissed the possibility that the claimant met Listing 12.05(C), stating that "there is no evidence of the 'C' criteria [sic] of the Listings." AR 20. This finding is incorrect, considering that the claimant's verbal IQ score of 68 falls directly within the requirements of that Listing. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(D)(6)(c) ("In cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05."). The ALJ states that the claimant's IQ scores placed her "within the borderline range of intellectual functioning," but did not address her IQ scores beyond that statement. AR 23. The ALJ did not address whether the claimant's IQ scores were "valid" according to the regulations or whether they were consistent with the evidence in the record. The ALJ also did not directly address whether the claimant met the criteria of listing 12.05(C) beyond the IQ scores, including the relevant criteria in the introduction and the requirement

5

regarding an additional physical or other mental impairment.[2]  Thus, the court will remand this action for further consideration by the ALJ in accordance with this opinion.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (R. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.

Signed on  February 13, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2] "For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work."  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A).